```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

AJIBOLA TAIWO LAOSEBIKAN,      :
                               :    CIVIL ACTION FILE
         Plaintiff,            :    NO.  1:09-CV-1516-RWS-ECS
                               :
v.                             :
                               :
THE COCA-COLA COMPANY,         :
                               :
         Defendant.            :
```

**ORDER AND FINAL REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on Defendant's motion to dismiss, [Doc. 3], motion for a permanent injunction, [Doc. 9], and motion for sanctions under Rule 11, [Doc. 13]. Also before the Court are Plaintiff's motion for sanctions under Rule 11, [Doc. 19], and Plaintiff's "Motion to Dismiss Defendant 'The Coca-Cola Company's' Motion for Permanent Injunction," [Doc. 18]. For the reasons expressed herein, the undersigned **RECOMMENDS** that Defendant's motions, [Doc. 3, 9, 13], be **GRANTED.** As for Plaintiff's motion for sanctions under Rule 11, [Doc. 19], the undersigned **RECOMMENDS** that it be **DENIED.** Plaintiff's "Motion to Dismiss Defendant 'The Coca-Cola Company's' Motion for Permanent Injunction," [Doc. 18], is also **DENIED.**

**II.**
**Background**

On December 14, 1999, Plaintiff filed a charge of discrimination with the EEOC against Defendant shortly after Defendant terminated his employment. His claims were first asserted in this Court on January 12, 2000, when he became a class representative in the Second Amended Complaint filed in Ingram et al v. The Coca-Cola Company, 1:98-CV-3679-RWS. After a class settlement was reached in that case, Plaintiff opted out of that settlement and pursued an individual claim against Defendant. His individual complaint was filed on April 24, 2003, in Laosebikan v. The Coca-Cola Co., 1:01-CV-3040-RWS ("Laosebikan I"). [Laosebikan I, Doc. 58]. In this complaint, Plaintiff asserted claims of racial discrimination in violation of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e (hostile environment, disparate impact, retaliation); negligent supervision; negligent hiring and retention. Id.

After extensive discovery and briefing, on June 9, 2004, the undersigned recommended that Defendant's motion for summary judgment be granted as to all but Plaintiff's failure to promote claim. [Laosebikan I, Doc. 92]. After additional briefing, the undersigned recommended granting Defendant's motion for summary judgment as to his the failure to promote claim as well on December 29, 2004. [Laosebikan I, Doc. 112]. On March 21, 2005, District Judge Richard

2

Story adopted the undersigned's report and recommendations in full, granting summary judgment as to all of Plaintiff's claims. [Laosebikan I, Doc. 123].  On June 6, 2005, Plaintiff filed his "Emergency Motion to Void United State[s] District Order of March 21, 2005," in which Plaintiff sought to have Judge Story's order voided on the grounds that one of the undersigned's law clerks had accepted a bribe from the law firm representing Defendant. Plaintiff's motion was denied as "totally baseless." [Laosebikan I, Doc. 146].  The Eleventh Circuit Court of Appeals affirmed Judge Story's Order granting summary judgment on January 31, 2006. [Laosebikan I, Doc. 155].

Plaintiff filed his complaint in the present action on May 4, 2009, in the Superior Court of Fulton County ("Laosebikan II"). [Laosebikan II, Doc. 1, pt 2, pg 3].  In his rambling 178 page complaint, Plaintiff makes various allegations of state law fraud, intentional infliction of emotional distress, libel, slander, negligent supervision, negligent hiring and retention, attorney malpractice, bribery, and ethics violations. [Laosebikan II, Doc. 1, pt 2, pg 3-4].  However, from the face of Plaintiff's complaint, it is clear that he is seeking de novo consideration by the Superior Court of Fulton County of the claims that were adjudicated and dismissed in this Court by the undersigned and Judge Story. Plaintiff, throughout this lengthy complaint, does little more than

3

argue that this Court's granting of summary judgment as to his various federal employment claims and other state law claims was a mistake which amounted to "fraud". For instance, Plaintiff alleges that Defendant's "fraud" "damaged" his previous claims for "(1) Hostile Work Environment; (2) negligent supervision; (3) negligent infliction of emotional harm; (4) negligent hiring and retention; (5) intentional infliction of emotional distress; (6) libel and slander; (7) racial harassment; (8) disparate treatment; (9) disparate impact; (10) discrimination in violation of section 1981 . . . and Discrimination in violation of Title VII. . . ." <u>Id.</u>

Plaintiff spends a number of pages of the complaint "objecting" to this Court's findings as to his various Title VII and § 1981 claims and offering his arguments and purported "new evidence," in effect seeking that the Superior Court overturn this Court's decision. [<u>Laosebikan II</u>, Doc. 1, pt. 2, pg. 20-63, 77-91; pt. 3, pg. 1-25]. Plaintiff further objects to this Court's dismissal of his prior wrongful termination, libel, and slander claims. [Doc. 1, pt. 2, pg. 63-77]. However, the Court notes that Plaintiff did not assert these claims in his initial complaint in this Court in <u>Laosebikan I</u>. Plaintiff then goes on to object to this Court's granting of summary judgment as to his negligent supervision, and negligent hiring and retention claims. [<u>Laosebikan II</u>, Doc. 1, pt. 3, pg. 26-38].

Plaintiff also puts forth allegations of fraud, which stem from alleged fraudulent behavior in discovery in connection with Laosebikan I allegedly committed by Defendant, Plaintiff's counsel, and possibly even this Court. [Laosebikan II, Doc. 1, pt. 3, pg. 38-85]. Ultimately, these allegations of fraud are nothing more than another attempt to seek reconsideration by the Superior Court of this Court's decision to grant summary judgment on his previous claims. Plaintiff goes on to allege intentional infliction of emotional distress, attorney malpractice, negligence (for alleged discovery violations in the prior case), conspiracy (apparently relating to the alleged discovery violations in prior case), and negligent misrepresentation (again relating to the alleged misconduct by Defendant, Plaintiff's counsel, and the Court during discovery in the prior case). [Laosebikan II, Doc. 1, pt. 3, pg. 85-89]. In concluding his complaint, Plaintiff explicitly requests that the Superior Court "REVERSE all summary judgment granted to Coca-Cola as a matter of law and. (sic) Enter default judgment against Defendant due to fraud." [Laosebikan II, Doc. 1, pt. 3, pg. 89].

Defendant removed this action from the Superior Court of Fulton County to this Court on June 8, 2009. [Laosebikan II, Doc. 1, pt. 1, pg. 1]. Additionally, after this case was removed to this Court, Plaintiff, along with certain of his family members, filed another

5

complaint against Defendants on May 15, 2009, in the Superior Court of Fulton County, in which Plaintiffs allege that Defendant, along with several individuals, has committed numerous criminal acts against them including attempting to murder Plaintiffs, stalking them, and illegally surveilling them.  [Laosebikan II, Doc. 9, pt. 3, pg. 1-4].

### III.
### Discussion

**A. Defendant's Motion to Dismiss**

   1. Motion to Dismiss Standard

   Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff.  M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006)(citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996).  While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

6

2. Plaintiff's Claims Barred by Res Judicata[1]

Defendant argues that Plaintiff's Title VII, § 1981, and state law claims for negligent supervision, negligent hiring and retention, and intentional infliction of emotional distress should be barred by the doctrine of res judicata because those claims were already adjudicated by this Court in Laosebikan I. [Laosebikan II Doc. 3, pt. 2, pg. 8]. Further, Defendant asserts that Plaintiff's claims of wrongful termination, libel, slander, and bribery are also barred by res judicata and/or collateral estoppel. Id. at 9-10.

The Supreme Court has explained that following a full and fair opportunity to litigate, the doctrine of res judicata "protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1355 (11th Cir. 2000), (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)). In the Eleventh Circuit, federal and not

---

[1] Plaintiff filed an out of time response to Defendant's motion to dismiss but failed to respond to the merits of any of Defendant's arguments. [Doc. 8]. Plaintiff simply argues that Defendant should have filed the motion to dismiss in the Superior Court of Fulton County instead of this Court. Id. However, Defendant properly removed this case to this Court, and the Court has jurisdiction over Plaintiff's claims as it is clear that he is attempting to relitigate his federal Title VII and 42 U.S.C. § 1981 claims, in addition to asserting his state law claims.

7

state preclusion principles apply to all prior federal decisions. CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees, 327 F.3d 1309, 1316-17 (11th Cir. 2003).

The doctrine of res judicata, or claim preclusion, will bar an action when: 1) the prior decision was rendered by a court of competent jurisdiction; 2) there was a final judgment on the merits; 3) the parties or their privies were identical in both suits; and, 4) the causes of action are the same.  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003)(citing Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000));  Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002); In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  "Res judicata extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Piper, 244 F.3d at 1295 (internal citations omitted).  The burden of demonstrating these requirements is on the party asserting the bar.  Southeast Florida Cable v. Martin County, Fla., 173 F.3d 1332, 1336 (11th Cir. 1999); Piper, 244 F.3d at 1296.

Here, the undersigned finds that all of Plaintiff's claims in this case which are asserted under the auspices of Title VII and § 1981 (which Plaintiff often refers to as various types of fraud) and all state law claims of negligent supervision, negligent hiring and

8

retention, intentional infliction of emotional distress, wrongful termination, libel, slander, bribery are also barred by res judicata.

With regard to the four requirements for res judicata, the first requirement is met.  The prior decision was made by a court of competent jurisdiction, namely this Court in <u>Laosebikan I</u>.  As for the second requirement, there was a final judgment on the merits when Judge Story granted summary judgment as to all of Plaintiff's claims on March 21, 2005, which was thereafter affirmed by the Eleventh Circuit Court of Appeals.  [<u>Laosebikan I</u>, Doc. 123, 155]. As for the third requirement, the parties were identical in both suits.  As for the fourth requirement, several of the causes of action are the same.  Although Plaintiff may be attempting to couch his Title VII and § 1981 claims as various types of state law fraud, it is clear from his scores of pages of arguments that he is attempting to relitigate, or have the Superior Court of Fulton County reconsider, his previously adjudicated Title VII and § 1981 claims.[2]   Additionally, Plaintiff's claims for negligent

---

[2] To the extent Plaintiff is attempting to assert any claims of fraud that were not previously litigated, the undersigned finds that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to plead all of the proper elements of state law fraud.  Specifically, Plaintiff fails to allege the Defendant had the "intention to induce the plaintiff to act or refrain from acting [and the plaintiff] justifiabl[ly] reli[es]" on Defendant's "false representation." <u>Crawford v. Williams</u>, 258 Ga. 806 (1989).  Plaintiff has not pleaded any facts which allege that

supervision, negligent hiring and retention, and intentional infliction of emotional distress[3] were also adjudicated by this Court. Therefore, these claims should all be barred and dismissed under the doctrine of res judicata. Additionally, this Court has found that Plaintiff's bribery claim, to the extent that is even an actionable civil claim, is also barred because this Court found it "totally baseless" in Laosebikan I.

Further, Plaintiff seeks to assert claims of state law wrongful termination, libel, and slander. However, a review of Plaintiff's arguments shows that Plaintiff is seeking redress for alleged wrongs that occurred "out of the same operative nucleus of fact" as the previously adjudicated claims. See Piper, 244 F.3d at 1295. As

---

he was induced to act or refrain from acting by Defendant or that he relied upon Defendant's false representation in any way. Likewise, because Plaintiff's claim for negligent misrepresentation also requires reasonable reliance by the plaintiff on the defendant's false information, his negligent misrepresentation claim must also fail. See Hardaway Co. V. Parsons, Brinckerhoff, Quade, & Douglas, Inc., 267 Ga. 424, 426 (1997).

Furthermore, a review of Plaintiff's "negligence" claim shows that it is nothing more than a restatement of his fraud and negligent misrepresentation claims and should be dismissed as well for the same reasons.

[3] To the extent Plaintiff is claiming that actions leading to his intentional infliction of emotional distress claim occurred during and after the proceedings in Laosebikan I, the undersigned finds that Plaintiff failed to plead with any specificity what act or actions gave rise to intentional infliction of emotional distress and fail under the Twombly pleading standard. See [Laosebikan II, Doc. 1, pt. 3, 85-86]; Twombly, 550 U.S. at 547.

10

such, because Plaintiff's wrongful termination,[4] libel, and slander claims arise from the same facts that have been previously litigated by this Court, the undersigned recommends that these claims, as well, be found to be barred and dismissed under the doctrine of res judicata.

    3. Plaintiff's Claim for Legal Malpractice Must Fail

    In order to state a claim for legal malpractice a plaintiff must establish that (1) the defendant was employed as the plaintiff's attorney, (2) the defendant failed to exercise ordinary skill, care, and diligence as the plaintiff's attorney, (3) damage to the plaintiff was proximately caused by the defendant's negligence. Duke Galish, L.L.C. v. Arnall Golden Gregory, L.L.P, 288 Ga.App. 75, 76 n.3 (2007). Here, Defendant was not employed as Plaintiff's attorney, and Plaintiff does not allege that Defendant has ever been employed as his attorney. Therefore, Plaintiff's claim for legal malpractice against Defendant should be dismissed for failure to state a claim.

    4. Plaintiff's Conspiracy Claim Must Fail

    Plaintiff's conspiracy claim under O.C.G.A. 16-4-8 must fail because it is based upon a criminal statute, and Plaintiff does not

_____

    [4] The undersigned also notes that even if Plaintiff's claim for wrongful termination was not barred under res judicata, it would nevertheless be due to be dismissed because an employee at-will, such as Plaintiff, has no cause of action for wrongful termination under Georgia law. Fink v. Dodd, 286 Ga.App. 363, 365 (2007).

have any authority to prosecute Defendant for alleged violations of criminal statutes.  <u>See</u> O.C.G.A. 17-1-2 ("A 'penal action' is an action allowed in pursuance of public justice under particular laws. If no special officer is authorized to be the plaintiff therein, the state, the Governor, the Attorney General, or the prosecuting attorney may be the plaintiff.").

   5. All of Plaintiff's Claims are Barred by Relevant Statutes
   of Limitations

   Defendant also asserts, and the undersigned agrees, that all of Plaintiff's claims against it are also barred by the applicable statutes of limitation.  Based on the face of the complaint, Plaintiff seeks redress for actions that occurred prior to March 21, 2005, the date Judge Story granted summary judgment as to all of Plaintiff's claims.  Defendant argues, and Plaintiff does not dispute, that all of the statutes of limitation expired prior to the date Plaintiff filed his complaint in the Superior Court of Fulton County, May 4, 2009. [<u>Laosebikan II</u>, Doc. 3, pt. 2, pg. 19-20].

   Under Georgia law, libel and slander claims have a one year statute of limitations. O.C.G.A. § 9-3-33.  Claims for negligence, negligent supervision, negligent hiring and retention, and intentional infliction of emotional distress have two year statutes of limitation.  <u>Id.</u>  Plaintiff's claims for fraud, to the extent he brought separate claims of fraud, are subject to a four year statute of limitations, as are his claims under § 1981 and his claims of

negligent misrepresentation and legal malpractice.  O.C.G.A. § 9-3-31; <u>Baker v. Birmingham Board of Education</u>, 531 F.3d 1336, 1337-38 (11th Cir. 2008)(citing 28 U.S.C. § 1658(a)(finding that a four year statute of limitations applied to civil actions arising under an Act of Congress)).   Finally, Defendant correctly asserts that Plaintiff's Title VII claims must have been brought within 90 days of the receipt of his "right to sue" letter.[5]  42 U.S.C. § 2000e-16(c).   No such exhausted Title VII claims are pleaded in this complaint.   Defendant's assertions, which Plaintiff does not dispute, appear well-founded, and, accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's complaint in its entirety be **GRANTED**.[6]

**B. Defendant's Motion for a Permanent Injunction**

1. Background Leading to the Motion for a Permanent Injunction

Defendant seeks a permanent injunction in this case to "enjoin Plaintiff from filing any new action, complaint, or claim for relief

---

[5] Of course, Plaintiff did file a timely suit under Title VII in this Court nearly ten years ago.  Those claims were adjudicated on the merits and thus barred by res judicata.  <u>See</u> Section III.A.2. above.

[6] The undersigned notes that Plaintiff failed to follow the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, it is apparent from Plaintiff's 178 page complaint that he can state no claim upon which relief can be granted, and, thus, the undersigned recommends dismissal of this case under 12(b)(6).

against Coca-Cola, its affiliates or subsidiaries, members of Coca-Cola's Board of Directors, counsel for Coca-Cola, or current or former employees or officers of Coca-Cola in federal court, state court, or any other forum without first obtaining leave to file such action from this Court." [Laosebikan II, Doc. 9, pt. 2, pg. 1]. Under the circumstances presented here, the undersigned finds a permanent injunction appropriate.

As stated in the facts above, Plaintiff first sought redress for his claims against Defendant in this Court, first in a class action suit and later as an individual plaintiff, beginning in 1999. After several years of litigation, Defendant's motion for summary judgment against Plaintiff was granted by this Court in March of 2005. Now, in the instant matter, Plaintiff appears to seek no more than a relitigation or reconsideration of his previously adjudicated claims, with the addition of purportedly new claims relating to the same events that occurred anywhere from five to over ten years ago. Additionally, Defendant has attached another complaint Plaintiff, along with his wife and other family members, filed on May 15, 2009, against it in the Superior Court of Fulton County in which Plaintiff alleges that Defendant, along with other defendants, has committed numerous criminal acts including attempting to murder Plaintiffs, stalking them, and illegally surveilling them. [Laosebikan II, Doc. 9, pt. 3, pg. 1-3].

14

2. Discussion

"Federal Courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986). "The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts. . . ." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). "Under the All-Writs Act, 28 U.S.C. § 1651, this Court has the power to enjoin Plaintiff [] from relitigating claims there were or could have been decided by this Court in order to protect and effectuate this Court's Final Judgment." Pino v. AT&T Information Sys., Inc., 921 F.Supp. 761, 765 (S.D.Fla. 1996)(citing Kelly v. Merrill Lynch, Pierce, Fenner & Smith, 985 F.2d 1067, 1069 (11th Cir. 1993)).

In order to obtain a permanent injunction, the moving party must show (1) "actual success on the merits"; "(2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is not granted; (3) the threatened injury to the movant outweighs the threatened harm; and (4) the issuance of the

15

injunction would not be adverse to the public interest." <u>Pino</u>, 921 F.Supp. at 765; <u>see</u> <u>also</u> <u>Amoco Prod. Co. v. Village of Gambell, Alaska</u>, 480 U.S. 531, 546 n.2 (1987); <u>Panama City Medical Diagnostic Ltd. v. Williams</u>, 13 F.3d 1541, 1545 (11th Cir. 1994).

Here, given that Plaintiff is now attempting to relitigate his unsuccessful case against Defendant and that Plaintiff, along with certain of his family members, has filed another complaint against Defendant in state court alleging Defendant has committed criminal acts, including attempting to murder Plaintiff, the undersigned finds that enjoining Plaintiff from filing new complaints against Defendant without leave of court is appropriate.

First, using the factors above, Defendant can show actual success on the merits. As detailed in Section III.A., the undersigned recommends that all of Plaintiff's claims be dismissed. Additionally, this Court has already ruled for Defendant on the majority of Plaintiff's claims five years ago in <u>Laosebikan I</u>. Second, Defendant has been required to deal with several years of litigation, and the related legal fees, relating to many of these same claims by Plaintiff, and now has dealt with several more months of litigation relating to Plaintiff both here and in state court. Without a permanent injunction, Defendant will likely suffer irreparable harm as a result of the time, effort, and legal fees required to fight these repetitive, duplicative, and frivolous

16

complaints.  See Pino, 921 F.Supp. 761 (quoting Zagano v. Fordham University, 720 F.Supp. 266, 288 (S.D.N.Y. 1989)("Defendant has established the requisite irreparable harm in that when 'the federal litigation [was] unusually burdensome or protracted . . . further litigation may cause irreparable harm to the prevailing party, already denied long awaited respose.'").  Third, because Plaintiff seems unable or unwilling to accept the judgment of this Court as to his claims against Defendant, and Defendant may be forced to further litigate against Plaintiff indefinitely without a permanent injunction, the undersigned finds that the threatened injury to Defendant outweighs the possible damage to Plaintiff.  Pino, 921 F.Supp. at 766 (quoting New River Yachting Center v. Bacchiochi, 407 So.2d 607, 609 (Fla. 4th DCA 1981)("Once a party had an opportunity to litigate a matter in an action in a court of competent jurisdiction, [s]he should not be permitted to litigate it again to the harassment and vexation of [her] opponent.")).  Fourth and finally, the undersigned finds that a permanent injunction would have no adverse effect on the public interest because these are two private parties who have already litigated against each other, and the only individual enjoined from further suit is Plaintiff.  Pino, 921 F.Supp. at 767 (citing Haitian Refugee Center, Inc. v. Nelson, 872 F.2d 1555, 1562 (11th Cir. 1989)).

17

Plaintiff also filed a "Motion to Dismiss Defendant "The Coca-Cola Company's" Motion for Permanent Injunction." [Doc. 18]. Although this is an improper motion and should be **DENIED** as such, the undersigned will treat it as a response to Defendant's motion. However, Plaintiff fails to articulate any arguments that would make the issuance of a permanent injunction inappropriate.  First, his assertion that the motion is "moot" is incorrect because nothing has occurred in this matter to suggest that Plaintiff will not continue to file his complaints against Defendant.  See Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1254 (11th Cir. 2001).  Second, Plaintiff's argument that he is protected from an injunction by 29 U.S.C. § 107, is inaccurate because that act applies only to organized labor activities in a labor dispute, not an individual plaintiff's complaints against his employer which are not related to "organized labor".  See 29 U.S.C. § 113.  Third, contrary to Plaintiff's assertion, the First Amendment does not prevent the injunction here, because a "vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." Riccard, 307 F.3d at 1298.  Finally, as stated above, Plaintiff's argument that this Court does not have jurisdiction is inaccurate, as Defendant properly removed the case to this Court.

18

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion for a permanent injunction, [Doc. 9], be **GRANTED.**

**C. Defendant's Motion for Rule 11 Sanctions**

Additionally, Defendant seeks sanctions under Rule 11 against Plaintiff, specifically seeking "dismissal of Plaintiff's Complaint with prejudice, an injunction against additional lawsuits and an award of Coca-Cola's reasonable attorney's fees and expenses." [Doc. 13, pt. 2, pg. 2]. Plaintiff responds by listing several criminal laws Defendant has allegedly violated but does not respond meaningfully to Defendant's arguments. [Doc. 19]. Plaintiff also makes a motion for sanctions under Rule 11 but does little more than quote various cases regarding fraud and sanctions and make conclusory statements that Defendant should be sanctioned. [Doc. 19, pg. 4-6].

Rule 11 of the Federal Rules of Civil Procedure states that by filing a pleading, motion, or other paper, an unrepresented party is certifying that the document he has filed "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase of litigation." Fed.R.Civ.P. 11(b)(1). Rule 11 imposes a duty upon litigants to certify "that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990); <u>see</u> Fed.R.Civ.P. 11(b). The rule

imposes on attorneys, as well as *pro se* litigants, "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" any "pleading, motion, or other paper." <u>Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, 551 (1991); <u>see also</u> <u>Thomas v. Taylor</u>, 138 F.R.D. 614, 616 (S.D. Ga. 1991) ("*Pro se* litigants . . . must conduct a reasonable inquiry into the facts and law or face sanctions"); Fed.R.Civ.P. 11.

A court has the discretion to award sanctions "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." <u>Anderson v. Smithfield Foods, Inc.</u>, 353 F.3d 912, 915 (11th Cir. 2003); <u>accord</u> <u>Thomas v. Evans</u>, 880 F.2d 1235, 1239 (11th Cir. 1989)(citing <u>United States v. Milam</u>, 855 F.2d 739, 742 (11th Cir. 1988)).

As stated several times above, in this case, Plaintiff's complaint is nothing more than an attempt to relitigate his previously adjudicated claims or have the state court reconsider the decision of this Court. Accordingly, pursuant to Defendant's motion to dismiss and its motion for a permanent injunction, the undersigned has recommended in this report that Plaintiff's complaint be dismissed with prejudice and that a permanent

20

injunction be entered against him enjoining him from filing further complaints against Defendant without leave of this Court.

Further, the undersigned finds that Plaintiff has violated Rule 11 by filing his complaint with no reasonable chance of success given that most if not all of any legally cognizable claims have already been adjudicated by this Court. See Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989)("A plaintiff may be sanctioned under Rule 11 for filing claims barred by res judicata."). As discussed in detail above, the majority of claims are barred by the doctrine of res judicata and have no reasonable chance of success. Further, all of Plaintiff's claims are barred by relevant statutes of limitation. Had Plaintiff made a reasonable inquiry into the law, he would have realized that he could not relitigate his claims in state court or have the state court reconsider the rulings of this Court, and that his claims were untimely. Defendant served Plaintiff with a motion for sanctions under Rule 11 and a letter explaining the requirements of Rule 11 on July 21, 2009. [Doc. 13, pt. 2, pg. 8; pt. 3]. Defendant explained to Plaintiff its intent to file the Rule 11 motion with this Court if Plaintiff failed to voluntarily dismiss his complaint within 21 days, which Plaintiff failed to do. Id. Additionally, Plaintiff continues to file documents in the Superior Court of Fulton County in the removed

case, failing to recognize that this Court has jurisdiction over his claims and that his case has been properly removed to this Court.

Accordingly, in addition to dismissing his complaint and permanently enjoining him from filing further complaints against Defendant without leave of this Court, the undersigned finds that Plaintiff has violated Rule 11, and that a monetary sanction against Plaintiff is appropriate. Therefore, Defendant's motion for sanctions under Rule 11, [Doc. 13], should be **GRANTED**, and Plaintiff should be ordered to pay a reasonable amount of attorney's fees and expenses to Defendant.

In order that the Court may determine what attorney's fees and expenses are reasonable in this case, Defendant will be permitted to file with the Court, within fifteen (15) days, affidavits and other material in support of its claim for legal fees and expenses incurred as a result of Plaintiff's Rule 11 violation. Plaintiff may respond within fifteen (15) days thereafter. Plaintiff is also **DIRECTED** to file with his response evidence of his financial condition, including current income from employment and any other sources and current amount of money in any checking and savings accounts, which he may want this Court to consider in connection with the award of sanctions.

22

**V.**

<u>Conclusion</u>

In conclusion, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 3], motion for a permanent injunction, [Doc. 9], and, motion for Rule 11 sanctions, [Doc. 13], be **GRANTED**. Defendant may file with the Court, within fifteen (15) days, affidavits and other material in support of its claim for legal fees and expenses incurred as a result of Plaintiff's Rule 11 violation. Plaintiff may respond within fifteen (15) days thereafter. Plaintiff is also **DIRECTED** to file with his responses in this Court evidence of his financial condition, including current income from employment and any other sources and current amount of money in any checking and savings accounts.

Additionally, the undersigned **RECOMMENDS** that Plaintiff's motion for sanctions, [Doc. 19], be **DENIED.** Plaintiff's "Motion to Dismiss Defendant 'The Coca-Cola Company's' Motion for Permanent Injunction," [Doc. 18], is **DENIED.**

**SO REPORTED AND RECOMMENDED**, this 9th day of February, 2010.


*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

23